CULLIVER *vs.* GARRIC ET AL.

EASTERN DIST.
*March,* 1839.

CULLIVER
*vs.*
GARRIC ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE EIGHTH PRESIDING.

Where the party failed to procure the necessary evidence to support his title, and the justice of the case seems to require it, the cause was remanded for a new trial.

This case was before the court at a former term and a judgment of non-suit entered, because of the failure of the plaintiff to produce evidence of authority to the United States agent, (Capt. T. S. Rogers,) from the war department, to convey title to the lot of ground in question. 11 *Louisiana Reports,* 88.

On the return of the cause to the District Court, it was again tried before the court and a jury.

The plaintiff was only able to trace Capt. Roger's authority to the quarter-master general's department, when, by the provisions of the act of congress, which authorized the sale of this lot with other property of the like kind, the secretary at war is expressly required to cause such sales to be made. The authority of the war department was not shown on the second trial, and this link in the plaintiff's chain of title is still wanting.

The jury, under the instructions and a charge from the court, returned a verdict for the defendant in possession, and the plaintiff appealed.

*Elam,* for the plaintiff and appellant.

*R. N.* and *A. N. Ogden, contra.*

*Martin, J.,* delivered the opinion of the court.

This case was before us in May term, 1837, and remanded for a new trial. The defendant has had a verdict and judgment, from which the plaintiff is appellant. 11 *L. R.,* 88.

The facts of the case are plainly stated in our former opinion; in which, judgment as in case of non-suit, was

EASTERN DIST. given, because the plaintiff had failed to produce the autho-
*March*, 1839. rity of the officer under whose conveyance he claimed.   He

THOMPSON     has not been more  successful after the return of the case to
*vs.*        the District Court.   The facts of the case show that he ob-
WILSON'S EX'R.
             tained the land by a contract of exchange, legal evidence of
Where   the  which he failed to administer.   The justice of the case, when
party failed to
procure the ne- it was before us formerly, and now, appears to require that
cessary evidence
to  support  his he should be afforded a further opportunity of obtaining from
title,  and  the the secretary of war legal evidence of the contract, by which
justice  of  the
case seemed to  he transferred to the United States a tract of land in ex-
require  it,  the
cause  was  re- change for the one which it is his object in the present suit
manded  for  a to obtain.
new trial.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and
reversed, the verdict set aside and the case remanded for a
new trial, the appellee paying the costs of the appeal.