(34 South. 689.)

No. 14,283.

### WHANN et al. v. HILLER.

(June 22, 1903.)

SPECIFIC PERFORMANCE—SUIT—PARTIES DEFENDANT.

1. Defendant sued to take title to lots, of *batture* formation, bordering on the river front of the City of New Orleans, to and over which the City and the Board of Commissioners for the port of New Orleans claim rights pertaining to the wharves, docks and commerce of the City, has the legal right to cause the City and the Board of Port Commissioners to be made parties to the suit, to the end of having it definitely established what the rights of the City and the Board of Port Commissioners in and over the property are, and whether such rights exist to the extent of rendering the property unavailable for the purpose for which defendant intended it, and which was the motive of his purchase of the same.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Robert J. Whann and others against Alfred Hiller and others. Judgment for plaintiffs, and defendant Hiller appeals. Reversed.

Gustave Lemle and Foster, Milling, Godchaux & Sanders, for appellant. Dart & Kernan, for appellees Whann et al. Arthur McGuirk, Asst. City Atty., for appellee city of New Orleans. McCloskey & Benedict, for appellee board of port commissioners.

BLANCHARD, J. Defendant made an offer in writing to purchase for the price of $7,500.00 certain lots of ground on and near the river front in the City of New Orleans.

Plaintiffs (owners of the lots) accepted the offer.

It is shown that defendant's object in desiring to buy the property was to erect a warehouse thereon, and a river front for the warehouse was essential.

No plat of the lots or locality was exhibited to defendant at the time the negotiation for the purchase of the property was commenced, but he visited the locality, saw the lots and then, returning, closed the trade.

When he visited the property he found it enclosed by fences—especially that portion of it nearest the river where he designed erecting the warehouse. He found that part occupied as a stave yard by tenants holding under the present plaintiffs.

It is shown that the whole of the property has been for many years in the possession of the plaintiffs.

Defendant further found, on his inspection of the property, that there was a road or street along the river-front of the property about 60 feet wide; that adjoining this street, on the river side, was a sidewalk a few feet wide; that next to this was the public levee protecting the City of New Orleans from the high water of the river; and that then came the public wharves of the City extending from the levee about seventy-five feet out towards the river and, perhaps, over the water.

It is shown that the fence on the property on the river side (from which fence the street begins for its width of 60 feet towards the river) was put by plaintiff on the line of its location at the instance of the authorities in control of the city's wharves and river front. That is to say, they demanded of him to leave space for a sixty foot street and to move back or locate his fence accordingly, which he did.

The property is situated between Pleasant Street and Toledano Street, both of which extend back from the river and perpendicularly to it.

At the time of his offer to purchase and its acceptance, defendant deposited with plaintiff, at the latter's request, ten per cent. of the purchase price, or $750.00, as earnest money, pending the examination of the titles and preparation and execution of the act of conveyance.

His attorney then proceeded to examine the title. He found the title proper good,

but discovered that a part of the property, and the very part upon which defendant proposed erecting his warehouse, which was the part nearest the river, had been included in the lease made by the City of New Orleans of the public wharves and landings of the City to the Louisiana Construction & Improvement Company. The date of this lease was April 21, 1891.

Further enquiry developed that the City of New Orleans and its wharf lessees laid claim to the possession of that part of the property.

This being the situation, defendant, upon the advice of his counsel, declined to consummate the purchase.

This suit followed, the object of which is to compel defendant to accept the title and pay the remainder of the purchase price.

Defendant answered setting forth the history of his attempted purchase of the property and the object he had in view in effecting its purchase.

He declared he had no knowledge of the City's and its wharf lessees' claim of possession of the most desirable portion of the property, and was not informed of the same by the plaintiffs, nor their agents, nor was this claim apparent by an inspection of the property—there being nothing to indicate any servitude or right of easement. On the contrary, his inspection disclosed every *indicia* of private ownership and possession in plaintiffs and their tenants, and no map or plat was produced or exhibited showing any claims thereon by the City or its wharf lessees.

He averred he could not with safety accept the title with this claim of the City and its lessees hanging over it, and that the City of New Orleans and the Board of Commissioners for the Port of New Orleans, who had, meanwhile, pursuant to law, succeeded to all the wharf and dock privileges and rights heretofore claimed by the Louisiana Construction and Improvement Company under its lease aforesaid from the City, were necessary parties to the litigation in order that judgment might be rendered contradictorily with all parties in interest.

He set forth his willingness to accept the property, provided a good and sufficient title to the same could be had, accompanied by

actual delivery and possession free of encumbrances.

He asked that the City of New Orleans and the Board of Port Commissioners be made parties to the suit and cited, and prayed for judgment rejecting plaintiffs' demand and ordering the return to him of the deposit money, and, in the alternative, should the court hold that the title tendered by plaintiffs is such as he (defendant) is bound to accept, then for judgment in his favor and against the City and the Board of Port Commissioners decreeing him entitled to the exclusive use, possession and enjoyment of the property free from the claims of said City and said Board of Port Commissioners.

The City of New Orleans, thus made a party to the litigation, answered pleading the general issue.

The Board of Port Commissioners answered, setting up as defense against both plaintiffs and defendant, that all the property described in plaintiffs' petition was and is public property and part of the port and harbor of the City of New Orleans, and now under the direct control of respondent.

It was denied that the plaintiffs have or ever had title to the same and, hence, were incapable of transferring title to the defendant.

It was averred that the property is necessary for the use and benefit of the commerce of the port of New Orleans and cannot be made the subject of private contract.

The answer prayed rejection of the demands of plaintiffs and defendant, and for judgment decreeing the property in question part of the port and harbor of the City of New Orleans, necessary to its commerce and under the control of the Board of Port Commissioners.

In due course trial of the case was gone into, and, while the evidence was being submitted, the City of New Orleans and the Board of Port Commissioners filed exceptions of no cause of action, which the trial judge then and there sustained and entered up judgment decreeing the City and the Board of Port Commissioners to have been improperly made parties, and dismissing them from the case.

The trial then proceeded as between plaintiffs and defendant, with the result that judgment was pronounced ordering defendant to accept the title to the property and pay to plaintiffs the purchase price.

Defendant thereupon appealed from the judgment dismissing the City of New Orleans and the Board of Port Commissioners from the case, and also appealed from the judgment directing him to accept title and pay the purchase price.

Under these circumstances we are of the opinion that the District Judge erred in dismissing the City of New Orleans and the Board of Port Commissioners (called the Dock Board) from the case.

Defendant, sued to accept title to property to and over which the City and the Dock Board claimed rights pertaining to the wharves, docks and commerce of the City, had the right to cause the City and the Dock Board to be made parties to the suit to the end of having it definitely established contradictorily with all parties in interest, to-wit:— plaintiffs, the City, the Dock Board and himself, what the rights of the City and the Dock Board in and over the property are and whether such rights existed to the extent of rendering the property unavailable for the purpose for which defendant intended it, and which was the motive of his purchase of the same.

If the pretensions of the City and the Dock Board are sound, then it were a wrong on defendant to compel him to take the property and pay the purchase price.

That portion of the property purchased which defendant intended as a site for a warehouse is alluvion. The public levee formerly had been back of it, or on the land side of it, and as the river receded and made its deposits and the batture appeared, a new line of levee was constructed and this new line is so located that it is between the river and the property. That is to say, first comes the public wharf, and then the levee, and then a sidewalk on the land side of the levee, and then a 60 foot street, and then the property which is wanted for a warehouse site.

Alluvion, or batture formations, belong to the owner of the soil situated on the watercourse, but such owner is bound to leave public *that portion of the bank which is required by law* for the *public use.* Civ. Code art. 509.

Servitudes imposed for the public, or common utility, *relate to the space which is to be left for the public use* by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works. Civ. Code, art. 665.

"Whenever," says section 318 of the Revised Statutes of 1876, "the riparian owner of any property in the incorporated towns or cities in this State is entitled to the right of accretion, and batture has been formed in front of his land more than is necessary for public use, which the corporation withholds from him, he shall have the right to institute suit against the corporation for so much of the batture as may not be necessary for public use, and if it be determined by the court that any portion of it be not necessary for public use, it shall decree that the owner is entitled to the property, and shall compel the corporation to permit him to enjoy the use and ownership of such portion of it."

This statute gives the owner of the soil a direct right of action (though such action would exist independently of the statute) against a municipality to test its holdings of batture, forming the subject of riparian rights, so as to determine whether what it claims and holds is more than is presently necessary for the public use.

Under authority of this law the City and Dock Board could well be impleaded, and should be impleaded, in the present suit, as defendant sought to have done.

Louisiana Ice Mfg. Co. v. City of New Orleans, 43 La. Ann. 217, 9 South. 21.

It was, therefore, error on part of the trial Judge to dismiss the City and the Dock Board from the case.

The case must be remanded to be proceeded with anew, with the City of New Orleans and the Board of Commissioners for the Port of New Orleans parties to the suit.

It is, therefore, ordered and decreed that the judgments appealed from be avoided and reversed, and it is now adjudged and decreed that this cause be remanded to the court *a qua* for further proceedings according to the views herein expressed and the law-costs of both courts in this behalf incurred to be borne by the appellees.

PROVOSTY, J., dissents.