The motion to dismiss the appeal is therefore overruled.

(137 So. 193)

**L. A. FREY & SONS, Inc., v. TOWN OF SLIDELL et al.**

No. 28663.

July 11, 1927.

Prowell, McBride & Ray, of New Orleans, for appellant.

L. V. Cooley, Jr., of Slidell, for appellees.

ROGERS, J.

The appellant, in advance of a hearing on the merits, has applied for an order remanding the case to the court below for the purpose of introducing in evidence a certified copy of a certain ordinance of the town of Slidell. In support of the application, it relies on Code Prac. art. 906, and Rhodes v. Cooper, 113 La. 600, 37 So. 527.

The codal article provides:

"But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

In Rhodes v. Cooper, supra, it was held that this court has authority under the article quoted to remand a case when the condition of the record is such, in its opinion, as will not enable it to pass upon the issues submitted to it intelligently and with justice to all parties. The order to remand, however, was rendered after submission and examination of the merits of the cause.

The precise question presented here was involved in Ice Mfg. Co. v. City of New Orleans,

43 La. Ann. 217, 9 So. 21, 22. In that case, an application was made by appellant to remand prior to hearing for the purpose of receiving and considering certain alleged newly discovered evidence. The court refused the application, holding, on the authority of Code Prac. art. 906, that it was premature. The text of the article was quoted in the opinion, and the court, in referring to it, said:

"We consider it a condition precedent to the exercise of such authority that we should first determine that it is 'not possible to pronounce definitively on the cause in the state in which it is,'—meaning, of course, by 'definitively' a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause. * * *

"It might well be that we may conclude, on examining the merits, that the evidence already submitted was sufficient, or that the evidence now suggested, even if admitted, could not affect our conclusion, or that, for some other reason, we could decide the cause to our satisfaction 'in the state in which it is.' In such case, of course, the remanding would be unnecessary and improper."

The town of Slidell, appellee, has filed an opposition to appellant's application. In its opposition, appellee contends that the sole issue in the case is its right, vel non, to levy a license tax on the plaintiff for doing business within its corporate limits. That the validity of the ordinance under which the license tax is sought to be levied is not attacked by the plaintiff, but only its application to plaintiff's business. That it is not necessary for a proper determination of the case that the ordinance should be in the record.

Adopting and applying here the ruling in Ice Mfg. Co. v. City of New Orleans, supra, it

is clear that we cannot determine the question of the necessity for the ordinance in the record without first examining into the merits of the cause. It might well be that we may reach the conclusion, on examining the merits, that the evidence before us is sufficient for the rendition of a judgment "according to conscience and the requirements of justice." In that event, it would be unnecessary and improper to remand the case.

For the reasons assigned, it is ordered that the application to remand be, at the present time, refused, and that the subject-matter thereof be referred to the merits of the cause, to be considered and determined when said merits shall be heard and submitted.