162 So. 748

**MAYER v. BARROW et al.**

No. 3326 l.

May 27, 1935.

Rehearing Denied July 1, 1935.

Andrew H. Thalheim, of Gretna, for appellant.

Neil A. Armstrong, Jr., and Emmet Alpha, both of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a suit to collect the amount of two instruments called continuing guaranties, signed by the defendants. One of the instruments is dated February 27, 1929, and declares that it is given in consideration of Samuel M. Mayer's giving or extending, at the request of the signers of the

instrument, terms of credit to a corporation called Myrtle Grove Sugars, Inc., on a certain crop lien and chattel mortgages dated February 27, 1929. The instrument purports to guarantee to Mayer, or his transferees or assigns, the payment in full, with interest, fees, and charges, of any indebtedness of the corporation to Mayer, direct or contingent, up to the amount of $25,-000, whether due or to become due, and whether existing or thereafter arising. The other instrument, on which the suit is founded, is dated April 13, 1931, and declares that it is given in consideration of Samuel M. Mayer's giving or extending, at the request of the signers of the instrument, terms of credit to Myrtle Grove Sugars, Inc., on a certain crop lien and chattel mortgage dated April 13, 1931. This instrument purports to guarantee to Mayer, or his transferees or assigns, the payment in full, with interest, fees, and charges, of any indebtedness of the corporation to Mayer, direct or contingent, up to the amount of $20,000, whether due or to become due, and whether existing or thereafter arising. The instruments are alike, except that the one dated the 27th of February, 1929, refers to the crop lien and chattel mortgage of that date, and limits the amount of the guaranty to $25,000, and the one dated the 13th of April, 1931, refers to the crop lien and chattel mortgage of that date, and limits the amount of the guaranty to $20,000.

The plaintiff alleged that the unpaid balance of the amount which he advanced to Myrtle Grove Sugars, Inc., to cultivate and harvest the crop for the year 1929 was $46,707.16, after giving credit for the proceeds of the crop; and that the unpaid balance of the amount which he advanced to Myrtle Grove Sugars, Inc., to cultivate and harvest the crop for the year 1931 was $35,-006.08, after giving credit for the proceeds of the crop for that year. He averred that he obtained a judgment against Myrtle Grove Sugars, Inc., on the 23d of February, 1934, for $70,699.20, being the net amount of his loss on the advances made for the three years, 1929, 1930, and 1931, and that he had not been able to collect anything from the corporation. Hence he prayed for a judgment against the defendants in this suit, in solido, for the amount of both guaranties, $45,000, plus legal interest and 10 per cent. attorney's fees.

The defendants, answering the suit, averred that their guaranty in each instance was merely that the amount of the advances, represented by the promissory note of Myrtle Grove Sugars, Inc., and secured by a crop lien and chattel mortgage, would be paid; that the amount of the note representing the advances to be made on the crop of 1929 was $25,000; that the amount of the note representing the advances to be made on the crop of 1931 was $20,000; and that the proceeds of the crop for each year, shipped by Myrtle Grove Sugars, Inc., to Samuel M. Mayer, and sold by him for account of Myrtle Grove Sugars, Inc., amounted to much more than the amount of the promissory note repre-

senting the advances to be made and secured by a lien on the crop of that year. The defendants pleaded not only that the indebtedness represented by each note was extinguished in that way, but also that it was merged into and confused with a stated account rendered by Samuel M. Mayer to Myrtle Grove Sugars, Inc. The defendants pleaded also that the condition contained in each one of the instruments sued on, to the effect that if they paid the debt in full they should become subrogated to the obligation of the corporation, with the securities held by the holder of the note, was violated by the disposition which Mayer made of the two promissory notes, and of the collateral securities which he held. The defendants, therefore, denied that they were liable for any loss which the plaintiff had sustained by reason of his having advanced to Myrtle Grove Sugars, Inc., more than the $25,000 which he was under contract to advance on the crop of 1929, or more than the $20,000 which he was under contract to advance on the crop of 1931.

The judge of the civil district court gave judgment for the defendants, rejecting the demand of the plaintiff. He has appealed from the judgment.

After the case was argued and submitted for decision in this court, the attorney who had represented the defendants in the trial of the case and on appeal withdrew; and two other attorneys have been employed by the defendants. The newly-employed attorneys for the defendants have filed a motion to have the case remanded to the civil district court, under authority of article 906 of the Code of Practice, which provides that, if an appellate court finds it not possible to decide a case, because of the condition of the record, for want of sufficient evidence, or for some other reason, the court may, according to the circumstances, remand the case for the purpose of receiving further evidence.

The attorney for Mayer opposes the motion to remand the case, the ground of the opposition being, first, that the motion to remand is premature, and, second, that there is enough evidence in the record to warrant a reversal of the judgment appealed from. On the plea of prematurity of the motion to remand, counsel for the appellant cites Louisiana Ice Manufacturing Co. v. City of New Orleans, 43 La. Ann. 217, 9 So. 21, and L. A. Frey & Sons v. Town of Slidell, 173 La. 397, 137 So. 193. These decisions maintain merely that a motion to remand a case, under authority of article 906 of the Code of Practice, cannot be sustained until the case has been submitted and the court has examined the record to determine whether the evidence is insufficient, or whether the proposed additional evidence would be of any avail. On the other hand, it has been decided that article 906 of the Code of Practice leaves the matter largely within the discretion of the appellate court, after a case has been submitted to the court for decision on its merits, to determine whether the administering of justice demands that the case

should be remanded for the purpose of hearing additional evidence. Culliver v. Garric, 13 La. 137; Millaudon v. First Municipality, 1 La. Ann. 215; Schneider v. Etna Life Insurance Co., 30 La. Ann. 1198.

■ The reason why an appellate court should not remand a case for the purpose of receiving additional evidence, under authority of article 906 of the Code of Practice, until the court has considered the case on its merits, is that, when the court remands a case under that authority, it is necessary to set aside the judgment appealed from; which the court cannot do without first considering whatever evidence there is in the record. That is explained in Louisiana Ice Manufacturing Co. v. City of New Orleans, 43 La. Ann. 217, 9 So. 21.

■ Before the motion to remand this case was filed, we were already of the belief that it would be necessary, in the interest of justice, to remand the case, under authority of article 906 of the Code of Practice. The important issues, under the answer filed by the attorney originally representing the defendants, are, first, whether the obligation of the defendants as guarantors was extinguished by the fact that the proceeds of the crop for each of the two years exceeded the amount which Samuel M. Mayer was under contract to advance to Myrtle Grove Sugars, Inc.; second, whether the guaranty was waived by the merger and confusion of the debt which was secured by the crop lien and chattel mortgage with an open account, running from year to year; and, third, whether a condition of the obligation of warranty was breached by the disposition which Samuel M. Mayer made of the two notes secured by the crop lien and chattel mortgage, and of the collateral securities, if there were any collateral securities. On all of these questions the evidence in the record is meager and confusing.

For the reason stated in Louisiana Ice Manufacturing Co. v. City of New Orleans, it is not often that a motion for a remand of a case, under authority of article 906 of the Code of Practice, comes from the appellee. The reason for the motion in this instance is strengthened by the circumstance of the withdrawal of the counsel who tried the case for the appellees, and the necessity of employing new counsel, although that circumstance of itself might never be a sufficient reason for asking that a case should be remanded.

We have concluded that, in the interest of justice, the case ought to be remanded for a new trial, and that both sides should be allowed to amend or supplement their pleadings, as well as their evidence, if either of them so desires, consistent with the pleadings already filed, and with reference only to the merits of the case.

■ The judgment appealed from is set aside, and the case is ordered remanded to the civil district court for further proceedings consistent with the opinion now rendered. The defendants, appellees, are to

pay the costs of this appeal. The question of liability for other court costs is to abide the final disposition of the case.

LAND, HIGGINS, and FOURNET, JJ., concur in decree.