197 So. 137

ALEXANDER v. JACKSON.

No. 35742.

May 27, 1940.

Benjamin Washastrom, of New Orleans, for defendant-appellant.

Counsel for plaintiff-appellee withdrew.

PONDER, Justice.

The appellant has applied for an order to remand this case, in advance of the hearing of the appeal on its merits, to the lower court for the purpose of introducing and receiving testimony to contradict the testimony given by the plaintiff and his witnesses on the trial in the lower court. In support of the application, the appellant relies on Article 906 of the Code of Practice; Klopstock & Co. v. United Fruit Company, 171 La. 296, 131 So. 25, and Succession of Robinson, 186 La. 389, 172 So. 429.

Article 906, Code of Practice, provides: "But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

In the cases cited by the applicant, Klopstock & Co. v. United Fruit Company, supra, and Succession of Robinson, supra, the order to remand was granted after submission and examination of the appeal on the merits of the cause.

The question presented here was considered in the case of Louisiana Ice Manufacturing Company v. City of New Orleans, 43 La.Ann. 217, 9 So. 21, 22. The court refused the application in that case because it was premature. In discussing this question the court stated:

"We consider it a condition precedent to the exercise of such authority that we should first determine that it is 'not possible to pronounce definitively on the cause in the state in which it is,'—meaning, of course, by 'definitively' a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause,—a necessity illustrated by the fact that a considerable portion of the argument on this motion was quite inaptly devoted to the merits.

"It is not pretended that the evidence now produced raises any new issue or eliminates any existing issue in the cause. It is admitted to be merely additional and cumulative to evidence already submitted.

"It might well be that we may conclude, on examining the merits, that the evidence already submitted was sufficient, or that the evidence now suggested, even if admitted, could not affect our conclusion, or that, for some other reason, we could decide the cause to our satisfaction 'in the state in which it is.' In such case, of course, the remanding would be unnecessary and improper. The most pertinent precedents cited by movers are the following: Culliver v. Garric, 13 La. 137; Millaudon v. First Mun., 1 La.Ann. 215; Schneider v. Ins. Co., 30 La.Ann. 1198.

"In the first two cases the remanding order was made under submission on the merits, and after examination thereof. While this does not so clearly appear in the last case, it is inferable from the facts that the

court reviews the merits and reverses the judgment appealed from before remanding.

"It would be necessary for us to pursue the same course if we should grant the order prayed for, and it would be most irregular for us to reverse a judgment appealed from on a motion like this, before the case has been set for trial, and when the merits of the judgment have never been submitted for our decision."

This same question was again presented to this Court in the case of L. A. Frey & Sons v. Town of Slidell, 173 La. 397, 137 So. 193. The Court again reached the same conclusion and confirmed the doctrine laid down in the case of Louisiana Ice Manufacturing Company v. City of New Orleans, supra.

For the reasons assigned the application to remand this cause is denied, and the subject matter is ordered referred to the merits of the cause to be considered and determined when the merits shall be heard and submitted.