43 So.2d 221

**SAVIN v. SAVIN.**

No. 39352.

Nov. 7, 1949.

C. A. Blanchard, Donaldsonville, for plaintiff & appellant.

Knowles M. Tucker, New Iberia, for defendant & appellee.

HAWTHORNE, Justice.

Plaintiff-appellant, Dennis Savin, prior to the fixing or hearing of this case on its merits in this court, filed a motion to remand on the ground of newly discovered evidence which he alleges is material to the issues of the suit.

Under the law and the well established jurisprudence of this state, the motion at this time is premature. Code of Practice, Article 906; Louisiana Ice Manufacturing Co. v. City of New Orleans et al., 1891, 43 La.Ann. 217, 9 So. 21; L. A. Frey & Sons, Inc., v. Town of Slidell et al., 1927, 173 La. 397, 137 So. 193; Mayer v. Barrow et al., 1935, 182 La. 983, 162 So. 748; Alexander v. Jackson, 1940, 195 La. 446, 197 So. 137.

Article 906 of the Code of Practice provides that we may remand a cause to the lower court if we are of the opinion that it is not possible to pronounce definitively on the cause *in the state in which it is,* either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise.

Prior to the submission of this case on its merits, we cannot determine whether it is possible to pronounce definitively on the cause in the state in which it is. In the early case of Louisiana Ice Manufacturing Co. v. City of New Orleans et al., supra [43 La.Ann. 217, 9 So. 22], this court in considering a motion to remand under the

authority of Article 906 of the Code of Practice said: "We consider it a condition precedent to the exercise of such authority that we should first determine that it is 'not possible to pronounce definitively on the cause in the state in which it is,'— meaning, of course, by 'definitively' a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause * * *."

This principle of law has been recognized in each of the other cases cited above.

For the reasons assigned, it is ordered that the application to remand be, at the present time, denied, and that the subject matter be referred to the merits of the cause, to be considered and determined when the case is heard and submitted on the merits.