McBRIDE, Judge.
In an application for rehearing counsel for appellees, among other complaints, says that although we remanded this matter for the sole purpose of affording to the district court an opportunity to consider the contention that Act No. 23 of the Second Extraordinary Session of 1950 is unconstitutional, we completely reversed the judgment appealed from and thus indicated our disapproval of the entire judgment.
It is suggested that at most we should ■have only “set aside” the judgment and that, by reversing it, we prevent the district court from again reaching the same conclusion which it reached on first hearing should it overrule the present plea to the constitutionality of the statute.
We thought that we had made it quite clear that we did not consider the various contentions which appeared, prior to the present plea and that therefore we did not indicate our approval or disapproval of the findings of the district court. All that we intended to do and all that we did do was order the case remanded in order that that one contention might be considered and we reversed the judgment because, in such a situation, a reversal seems to -be indicated by Article 906 of our Code of Practice, and because in innumerable decisions involving somewhat similar situations, the appellate court has reversed such a judgment before remanding the matter.'
It will be noted that the heading at the commencement of Article 906 of our Code of " Practice reads: “Reversing and remanding case.” It will also be noted that, after this heading, the article provides for a remand in certain situations. It seems to Us that the plain meaning of the article as a whole is that there must be a reversal before a remand can be ordered.
In Louisiana Navigation and Fisheries Co. v. Doullut, 114 La. 906, 38 So. 613, on which we largely relied for our conclusion that this matter should be remanded, the judgment appealed from was “reversed”. It is quite evident that the Supreme Court did not disapprove of the judgment which had been appealed from for, in its original opinion, it affirmed that judgment. On rehearing, the Supreme Court said nothing which indicated any disapproval of the judgment. It merely said that the matter should be remanded in order that the plea of unconstitutionality might be considered. It was because of this language and because of our interpretation of Article 906 of the Code of Practice that we reversed the judgment before remanding the matter to the Civil District Court. However, we find that in a later case, Mayer v. Barrow, 182 La. 983, 162 So. 748, the Supreme Court remanded the matter after merely setting aside the judgment appealed from.
Since we had no intention of expressing either approval or disapproval of the findings of the district court on the first trial, and since we have no intention of directing the district judge as to his findings on *869 those other questions when the matter is again heard before him, we have concluded to do what the Supreme Court did in the Barrow case and merely set aside the judgment appealed from.
It is therefore ordered, adjudged and decreed that our original decree be and it is amended so as to read as follows:
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is set aside, and that this matter be remanded to the Civil District Court for the Parish of Orleans for further- proceedings consistent with the views herein expressed and according to law.
A rehearing is refused.
Decree amended with reasons rehearing refused.
REGAN, J., dissents from refusal to grant rehearing.