93 So.2d 671

Shedrick JOHNSON

v.

Malvina HARPER.

No. 41490.

Feb. 25, 1957.

William J. Daly, New Orleans, for plaintiff-appellant.

Charles E. Cabibi, New Orleans, for defendant-appellee.

SIMON, Justice.

Plaintiff-appellant, Shedrick Johnson, prior to the fixing or hearing of this case on its merits in this Court, filed a motion to remand on the ground of newly discovered evidence, which he alleges is material to the issues of the suit.

By this suit plaintiff seeks to be declared the owner of certain immovable property which, he alleges, was for purposes of convenience placed in the name of defendant, with whom he was allegedly living in open concubinage. The purported authentic act of transfer is attacked as a simulation and forms a part of the record.

In answer, defendant denies the relationship of concubinage as charged and alleges ownership of the property in dispute by virtue of an authentic notarial act of sale which forms the basis of plaintiff's alleged simulation.

Under the law and under the well-established jurisprudence of this state, the motion to remand is premature. Code of Practice, Article 906; Louisiana Ice Mfg. Co. v. City of New Orleans, 1891, 43 La. Ann. 217, 9 So. 21; L. A. Frey & Sons, Inc., v. Town of Slidell, 1927, 173 La. 397, 137 So. 193; Mayer v. Barrow, 1935, 182 La. 983, 162 So. 748; Alexander v. Jackson, 1940, 195 La. 446, 197 So. 137; Savin v. Savin, 216 La. 71, 43 So.2d 221.

Article 906 of the Code of Practice provides that "* * * if the court shall think it not possible to pronounce definitively on the cause, *in the state in which it is,* either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law." (Italics ours.)

In the instant case we are unable to determine whether a definitive pronouncement can be made at this time in the cause *in the state in which it is* prior to its submission on the merits.

In the case of Louisiana Ice Mfg. Co. v. City of New Orleans, supra, [43 La.Ann. 217, 9 So. 22] in considering a motion to remand under the authority of Article 906 of the Code of Practice we said, "We consider it a condition precedent to the exercise of such authority that we should first determine that it is 'not possible to pronounce definitively on the cause in the state in which it is,'—meaning, of course, by 'definitively' a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause * * *." This principle of law has been recognized in each of the other cases cited above.

For the reasons assigned, it is ordered that the application to remand be, at the present time, denied, and that the subject matter therein contained be referred to the merits of the cause, to be considered and determined when the case is heard and submitted on the merits.

HAMLIN, J., ad hoc, recused.