JANVIER, Judge.
This matter comes before us on motion of plaintiff-appellant to remand for the receipt of additional evidence as to his physical condition. The motion is premature. Code of Practice, Article 906; Louisiana Ice Manufacturing Co. v. City of New Orleans, 43 La.Ann. 217, 9 So. 21; L. A. Frey & Sons, Inc. v. Town of Slidell, 173 La. 397, 137 So. 193; Mayer v. Barrow, 182 La. 983, 162 So. 748; Alexander v. Jackson, 195 La. 446, 197 So. 137; Savin v. Savin, 216 La. 71, 43 So.2d 221.
Article 906 of the Code of Practice provides :
“ * * * if the court shall think it [is] not possible to pronounce definitely on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.”
We cannot at this time determine wheth•er a definitive decree may be rendered on the record as it now stands. In Louisiana Ice Manufacturing Co. v. City of New Orleans et al. supra, the Supreme Court, referring to Article 906 of the Code of Practice, said:
We consider it a condition precedent to the exercise of such authority that we should first determine that it is ‘not possible to pronounce definitely on the cause in the state in which it is,’ —meaning, of course, by ‘definitely’ a judgment according to conscience and the requirements of justice. It is plain that we cannot determine this question without first examining into the merits of the cause * * [43 La. Ann. 217, 9 So. 22],
It is ordered that the application to remand be denied and that the matter submitted be referred to the merits to be considered and determined when the case is heard.
Motion to remand denied.