286 So.2d 342 (1973)
KOHLMEYER & COMPANY
v.
Robert P. SOBERT.
No. 53427.
Supreme Court of Louisiana.
December 3, 1973.
*343 Stanwood R. Duval, Jr., Duval, Arceneaux & Lewis, Houma, for defendant-applicant.
Earl S. Eichin, Jr., Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for plaintiff-respondent.
CULPEPPER, Justice Ad Hoc.
Kohlmeyer & Company, a commodity broker, filed this suit against Robert P. Sobert, one of its customers, for the amount due under a commodity account agreement. From an adverse judgment in the district court, defendant appealed.
The Court of Appeal affirmed that portion of the judgment awarding $3,131.50 to Kohlmeyer, 273 So.2d 884. Upon application of Sobert, this Court granted a writ of review, 277 So.2d 440.
The sole assignment of error in Sobert's application for writs is that the Court of Appeal erred in not remanding the case for the testimony of one Jerry Mitchell.
The facts are that in 1967 Sobert was buying and selling commodities on the futures market under a "Commodity Account Agreement" with Kohlmeyer as broker. Charles Thompson handled these transactions as Kohlmeyer's agent.
At the opening of trading on Friday, May 5, 1967, Sobert's account was long on four contracts for "pork bellies" and short on four others. During this day, Sobert sold all four contracts on which he was long, leaving him in a short position on the four others.
At this point, there is a conflict in the testimony. Sobert testified he instructed Thompson to "straddle him back in" at the close of the day of May 5, 1967, by buying long on new contracts to cover those on which he was short. Thompson testified Sobert expressly instructed him not to "straddle in."
The market rose again on the following Monday, subjecting Sobert to a loss of approximately $450.00 on each contract on which he was short. He sold two more contracts short, but the market again rose the next day. Under the account agreement, Thompson requested an increase in the amount of Sobert's margin. Upon the failure of Sobert to provide the additional *344 funds, Kohlmeyer liquidated the account, resulting in a debit balance of $3,131.50. This suit was filed on September 15, 1967.
Sobert initially employed counsel who filed an answer and certain motions, but these attorneys withdrew. Sobert then represented himself until completion of the trial. A pre-trial order dated March 11, 1971 does not show the name of Jerry Mitchell as a witness.
The case was first set for September 16, 1971, but because of Hurricane Camille, the trial was postponed and reset for a later date. At this later date, Sobert failed to appear, and the trial was again continued. On February 9, 1972, trial was had. The district judge weighed the conflicting testimony of Thompson and Sobert and apparently chose to believe Thompson. Judgment adverse to Sobert was rendered and signed on March 28, 1972.
Sobert then retained an attorney who filed a motion for a new trial, alleging only that the judgment was contrary to the law and the evidence. The written motion does not mention the need to reopen the case for the testimony of Jerry Mitchell.
It was in the Court of Appeal that Sobert for the first time urged the testimony of Jerry Mitchell is essential to a decision. No formal motion to remand was filed, but, in his brief, in addition to arguments on the merits, Sobert contended:
"The trial judge erred in not keeping the case open for the testimony of the only purported witness, namely, Jerry Mitchell, who allegedly was present when the transaction took place and when defendant-appellant issued his instructions. This witness could have testified as to the gravamen of the entire lawsuit and it was not in the interest of justice to close the case without allowing this witness to testify, especially since this witness was from out of state but had been present on two other occasions but did not have the opportunity to testify."
These contentions are not factually supported by the record. The record does not show a request was made to the trial judge to keep the case open for the testimony of Jerry Mitchell. His name was not mentioned as a witness in the pre-trial order. He was not subpoenaed as a witness. Sobert states in his brief that Mitchell was present on the two occasions when the trial was postponed, but, of course, the record does not show this. During the trial, there was no request by Sobert to continue the case for Mitchell's testimony. After trial went against him, and he obtained counsel who filed a motion for a new trial, there was still no request in the motion to reopen the case for additional testimony. From the record, we can find no error by the trial judge in "not keeping the case open."
In the Court of Appeal, the request for a remand was supported only by the statements in Sobert's brief. There was no affidavit or other statement by Mitchell that he was a witness to the transaction. And there is no detailed explanation in the brief or anywhere else as to what the testimony of Mitchell would be if it were taken, or how it would change the decision in this case. Under the circumstances, the Court of Appeal decided: "we do not feel that the ends of justice would be served by a remand."
In support of his writ in this Court, Sobert argues the record shows the testimony of Mitchell is essential because Mitchell's name was mentioned by Sobert during the trial. The record shows Mitchell's name is mentioned exactly twice in the transcript. Sobert stated: "Mr. Mitchell isn't here today, Your Honor, for some reason or other. He was coming in from Dallas. The gentleman that I had, you know, for a witness." Sobert then stated in effect that he and Jerry Mitchell had pooled their money for the commodity trading in question. These are the only two references to Mitchell in the record.
*345 In its brief in opposition to the writ in this Court, Kohlmeyer points out that in another place in the transcript Sobert was expressly asked whether any other person was present when he gave instructions to Thompson to "straddle in," to which Sobert replied that he thought another person was present, but he wasn't sure. In that portion of his testimony, Sobert did not say that Mitchell was present and could testify as to the instructions given by Sobert to Thompson.
The applicable statutory law is LSA-C. C.P. Article 2164, which authorizes an appellate court to "render any judgment which is just, legal, and proper upon the record on appeal." This article authorizes remands in appropriate cases.
In Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (1970), we refused a remand for new evidence and stated the rule of law as follows:
"The law favors a prompt disposition of cases for the benefit of litigants who have had their day in the trial court. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. [citations omitted]
"A remand for new evidence must be based upon an examination of the merits. It is warranted only when the state of the record is such that the new evidence is likely to affect the outcome of the case. See Bruney v. Bruney, 230 La. 30, 87 So.2d 718; Savin v. Savin, 216 La. 71, 43 So.2d 221; Mayer v. Barrow, 182 La. 983, 162 So. 748. The remand of a case without decision to receive new evidence requires the appellate court to set aside the existing judgment. Such a power should be sparingly exercised."
Applying these rules to the present case, the Court of Appeal did not err in refusing to remand this case for the testimony of Jerry Mitchell.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.