No. 2091

Second Circuit Appeal

---

PRESTON BRASHER v. RICHARD H. GRANT

---

(January 12, 1925, Opinion and Decree)
(May 11, 1925, Case Remanded for a New Trial)
(Rehearing Granted Feb. 26, 1925.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial judge on matters of fact being clearly correct is affirmed.

2. **Louisiana Digest—Appeal—Par. 715.**
A case will be remanded for more evidence where the purposes of justice are thereby subserved.

Appeal from the Thirteenth Judicial District Court, Parish of Rapides. Hon. Leven L. Hooe, Judge.

This is a suit to recover money for furnishing and installing plumbing fixtures.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Thornton, Gist & Ritchie, of Alexandria, attorneys for plaintiff, appellant.

J. H. Overton, of Alexandria, attorneys for defendant, appellee.

ODOM, J. Plaintiff sues defendant to recover the sum of $481.50 alleged to be due for the furnishing and installation of plumbing fixtures in a residence of defendant's.

Defendant answers, admitting that he owed plaintiff the sum of $290.50, which amount was refused.

He denies that he is due plaintiff more than $259.50.

The case went to trial and the District Judge rendered a judgment in favor of plaintiff for the sum of $314.00, and recognized plaintiff's privilege on the building and the lot on which the same is situated.

There is involved in the case only a question of fact. We have examined all the documents filed in evidence and have read all the testimony of all of the witnesses. We consider that the testimony of Gremillion throws no light upon the case at all. He contradicts himself. If his were the only testimony in the record we could not be sure what judgment to render. Nor does the testimony of Mrs. M. M. Morgan assist us any. She overheard some of the conversation between plaintiff and defendant, but very likely did not hear it all, and she could not, under the circumstances, we think, know whether the figures given by Brasher to Grant included installation or not.

On the point at issue there were no other witnesses, except plaintiff and defendant. They contradict each other. No do the documents throw much light on the question. The litigants dispute each other As only a question of fact is involved, w are going to leave these parties where the District Judge left them. He had the advantage of knowing the witnesses, of seeing them and hearing them testify.

We cannot say that he has erred in his findings.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant to pay all cost.

ON APPLICATION FOR REHEARING

REYNOLDS, J. Rehearing granted this day, February 26, 1925.

ON REHEARING

CARVER, J. The court is of the opinion that the purposes of justice will be subserved by remanding the case for a new trial to enable both parties to introduce further testimony in support of their respective pretensions, especially testimony as to the memorandum purporting to be prices quoted by plaintiff to defendant.

It is decreed that the judgment of the lower court be and the same is set aside and the case is remanded to the lower court for a new trial.