## GREAT LAKES DREDGE & DOCK CO. et al v. BROWN, Deputy Com'r, et al.

### No. 9459.

District Court, N. D. Illinois, E. D.

Nov. 26, 1930.

John Clark Baker, of Chicago, Ill., for plaintiffs.

George E. Q. Johnson, U. S. Dist. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill., for defendants.

WOODWARD, District Judge.

This is a bill for an injunction brought under 33 USCA § 921 to review an award made by the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act.

On June 5, 1928, while Daniel Szkraban was employed by the Great Lakes Dredge & Dock Company in a maritime employment on a navigable waterway of the United States, he sustained an injury in the course of his employment. Proceedings were had under the Illinois Workmen's Compensation Act resulting in an award of compensation of $18 per week, weekly payments being made up to and including July 11, 1929. An agreement was entered into whereby, in consideration of continued payments to be made under the Illinois Workmen's Compensation Act, Daniel Szkraban released every other kind and character of claim. Proceedings under the Longshoremen's Act were instituted September 16, 1929, more than one year after the injury.

The claim is made that the right to compensation under the Longshoremen's Act was barred because not filed within one year after the injury. The plaintiff relies upon sec-

266

tion 13(a), 33 USCA § 913(a), reading as follows:

"The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

This contention cannot be sustained. Under the provisions of section 14(a), 33 US CA § 914(a):

"Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer."

Under the provisions of section 16, 33 US CA § 916, it is provided:

"No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid. * * *"

It is clear, therefore, that the release executed is without any validity.

 Congress has exclusive authority to legislate in matters of admiralty and maritime jurisdiction. Any liability of the employer to Daniel Szkraban was under the Longshoremen's Act and not under the Workmen's Compensation Act of Illinois. Washington v. Dawson & Co., 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646; Southern Pacific R. R. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Employers' Liability Assurance Corporation, Ltd., v. Cook, 281 U. S. 233, 50 S. Ct. 308, 74 L. Ed. 823.

 Plaintiff was under a liability to Daniel Szkraban. Any payments which were made must have been made in view of that liability. The last payment was made on July 11, 1929, and the proceedings were instituted before the commissioner within one year of that date. The proceedings under the Illinois Workmen's Compensation Act were absolutely void.

It follows that the bill is without equity. The order will be: Bill dismissed for want of equity at the cost of plaintiff.