DAWSON ET UX. v. JAHNCKE DRY DOCKS, INC.

(January 5, 1931. Opinion and Decree.)
(January 19, 1931. Rehearing Refused.)

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for plaintiffs, appellants.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiffs are mother and father of decedent, Robert William Dawson, who, while in the employ of defendant, was killed on board a steamship which at the time was docked for repairs in a floating dry dock of defendant corporation.

Recovery is sought under the workmen's compensation laws of Louisiana (Act No. 20 of 1914, as amended).

To the petition defendant filed an exception of no right or cause of action based on the contention that the state workmen's compensation act has no application, since decedent, at the time of his death, was on board a vessel lying in navigable waters and was performing work which was maritime by nature. From a judgment maintaining this exception and dismissing the suit, plaintiffs have appealed.

There can no longer be any doubt that a state workmen's compensation law has no application where an employee is injured under circumstances which would have given to the injured employee or to his survivors, in case of death, a cause of action in admiralty because, startling as was the decision of the Supreme Court of the United States in Southern Pacific Company v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, not only has that decision not been overruled, but it has been followed in numerous similar cases: Peters et al. v. Veasey, 251 U. S. 121, 40 S. Ct. 65, 64 L. Ed. 180; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; State of Washington v. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646. In fact, as is said in a note appearing in Tulane Law Review, vol. V, No. 1, p. 125:

"The attempts of Congress to make state workmen's compensation laws applicable to maritime workers injured on navigable waters have, therefore, been stricken down.
* * * *"

There can, then, be no recovery under a state workmen's compensation act if, at the time of the injury, the circumstances surrounding the employment were such that a suit in admiralty could have been brought. It is therefore necessary that we first ascertain what requisites are essential to the maintenance of an action in admiralty, and that we then investigate the allegations of the petition in the case at bar in order to determine whether among them may be found those which would make the matter one cognizable in admiralty because, if such allegations are found, then no suit in compensation will lie.

What are the essential requisites to a proceeding in admiralty for wrongful injury or death? Of course, first and foremost we find that the accident must have occurred on navigable waters. But is locality the sole test? Is any tort occurring on navigable waters cognizable in admiralty? We repeat the question appearing in the opinion of the Supreme Court of the United States in Atlantic Transport Company v. Imbrovek, 234 U. S. 52, 34 S. Ct. 733, 735, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157:

"Whether admiralty would entertain a suit for libel or slander circulated on board a ship by one passenger against another?"

See Benedict, Admiralty (4th Ed.) sec. 231.

For many years, while this question remained unanswered, except, possibly, by inference, the Supreme Court rendered numerous decisions in many of which appeared language from which it might have been a reasonable assumption that it was the view of that court that locality should be the sole test and that the nature of the employment of the injured employee was of no importance. For instance, we find that in the Imbrovek case, supra, the Supreme Court of the United States, in quoting from an earlier decision, Philadelphia, Wilmington & Baltimore R. R. Company v. Philadelphia & Havre de Grace Steam Towboat Company, 23 How. 209, 16 L. Ed. 433, said:

"Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance."

And this statement, as it appears in the decision in the Imbrovek case, seems to be supported by a long list of authorities. But a careful examination of each of the authorities cited shows that in each case the injured employee was actually engaged in doing work of a maritime character, so that in each of the cases, in addition to the locality, we find that the nature of the work engaged in was maritime, and in the Imbrovek case itself the Supreme Court found that, as a matter of fact, the injured employee was engaged in performing services necessary to the operation and navigation of the vessel, and therefore was engaged in a maritime occupation, so that none of those decisions necessarily held that every tort committed on navigable waters gives rise to a right of action cognizable in admiralty. In the Imbrovek case

it was sought to have the Supreme Court declare whether a tort resulting in injury to an employee engaged in performing non-maritime work was cognizable in admiralty merely because of the locality in which it was committed, but, as has already been said, the court found it unnecessary to decide that point, adopting the view that Imbrovek, at the time of the accident, was engaged in a maritime occupation. In the opinion in that case we find the following:

"The petitioner insists, however, that locality is not the sole test, and that it must appear that the tort was otherwise of a maritime nature."

And again:

"But the petitioners urge that the general statements which we have cited, with respect to the exclusiveness of the test of locality in cases of tort, are not controlling; and that in every adjudicated case in this country in which the jurisdiction of admiralty with respect to torts has been sustained, the tort, apart from the mere place of its occurrence, has been of a maritime character."

It thus appears that the question was attempted to be squarely presented to the Supreme Court in that case, but the court said:

"We do not find it necessary to enter upon this broad inquiry. * * * Even if it be assumed that the requirement as to locality in tort cases, while indispensable, is not necessarily exclusive, still in the present case the wrong which was the subject of the suit was, we think, of a maritime nature, and hence the district court, from any point of view, had jurisdiction."

But the question which was not answered in the Imbrovek case was squarely presented to the Supreme Court of Alabama in Ex parte Rosengrant, 213 Ala.

202, 104 So. 409, 411, which involved the question of whether the widow of a deceased employee could recover under the workmen's compensation laws of Alabama; the deceased employee, at the time of his death, having been engaged in keeping a tally, or check, of lumber on a vessel in navigable waters. The Alabama court said:

"It is true the injury causing the death of the decedent was inflicted while he was standing or sitting on a schooner, moored in Mobile river, and while he was performing his duties under this contract; but the place of the injury is not the only test in determining whether the contract was maritime or non-maritime in its nature. So we must hold, under the facts found by the trial court, the contract of employment was not a maritime contract, and the circuit court had jurisdiction of the cause of action, and the Workmen's Compensation Act is applicable."

So that, in that case there was squarely presented to the Alabama court the question which we are now discussing, and, in determining that question, that court found that a tort resulting in injury to an employee is not cognizable in admiralty unless the employee at the time of the injury, is on navigable waters, and is engaged in work of a maritime nature. The Supreme Court of the United States granted a writ of certiorari and on consideration of the matter, in a per curiam opinion, affirmed the decision of the Supreme Court of Alabama. Rosengrant v. Havard, 273 U. S. 664, 47 S. Ct. 454, 71 L. Ed. 829. So that, no matter how doubtful the question may have once been, at the present time it seems to be no longer an open one, and we believe that, in view of the holding of the Supreme Court of the United States in the Rosengrant case, a tort is not cognizable in admiralty unless it occurs on navigable waters, and unless the injured employee was engaged in the performance of a maritime duty.

However, it has been determined, in Employers' Liability Assurance Corporation of London, England, v. Cook et al., 281 U. S. 233, 50 S. Ct. 308, 74 L. Ed. 823, that, although the injured employee may be employed for practically all of his time in non-maritime work and on the shore, nevertheless, if he is even for a moment required to perform services of a maritime nature and on a vessel in navigable waters, the right of action for injuries sustained in that moment is cognizable in admiralty and may not form the basis of a claim for compensation under a state statute.

Let us, then, apply the legal principles which we have discussed to the facts as we find them in the case at bar, bearing in mind that, since the matter is now before us on exception of no cause of action, we must treat the allegations of the petition as though they were proven facts.

We find that the decedent was, at the time of his death, on a completed vessel, which was on a dry dock floating in navigable waters. The requisite as to locality is therefore met, and if we find that the decedent was engaged in a maritime employment, the other requisite will have been complied with and the case under the state compensation act will fail.

Since no recovery could be had under the state act for decedent's death unless he was performing services in the course of his employment, or necessarily incidental thereto, counsel for plaintiffs found it necessary to allege that, at the time of his death, he was performing such services. Since, then, he was on the vessel, and since he was at work there, plain-

tiffs' case approaches the danger zone of admiralty because, as is well known, most work on board ships is maritime by nature. But it is very evident, from a reading of the many decisions of the Supreme Court involving questions closely analogous to that presented here, that there may be work which an employee may perform on board a vessel lying in navigable waters which is not maritime by nature and which may not have relationship to navigation or commerce, and here counsel for plaintiffs insist that the work which was being performed by decedent had no such direct relationship to navigation or commerce and that, to permit the state workmen's compensation act to apply, would work no material prejudice to the essential features of the general maritime law. Whether the work in which decedent was engaged had relationship to navigation or commerce, we are unable to determine from the allegations of the petition, and, as was said by the Supreme Court of the United States in John Baizley Iron Works et al. v. Span, 281 U. S. 222, 50 S. Ct. 306, 307, 74 L. Ed. 819:

. "What work has direct relation to navigation or commerce must, of course, be determined in view of surrounding circumstances as cases arise."

But the allegations of the petition as to what deceased was engaged in at the time of his death are carefully shrouded in mystery, and we are told no more than that he was taking measurements of a tank, which was a component part of the vessel. If he was repairing the tank, he was engaged in a maritime occupation, for, under the doctrine of Employers' Liability Assurance Corporation v. Cook et al., supra, although he may, for the major portion of his time, have been engaged on shore in

non-maritime work, nevertheless, if, even for a moment, he was engaged in repairing a part of the vessel, he was at that moment engaged in maritime work and injuries sustained during that moment would have been cognizable in admiralty. It is possible, however, that he may have been measuring the tank in order to build a duplicate of that tank after he returned to the machine shop, the said duplicate to be used in some other vessel not completed, or for some other purpose on shore. He may have been measuring the tank so that he could return to the shore and then determine how much molasses it would hold. We can conceive of several purposes for which the tank may have been measured which would not be maritime by . nature.

In the ordinary case we think the duty lies heavily upon a plaintiff to state his cause of action clearly and unequivocally and that, in case of ambiguities, the doubt should be resolved against him; but we believe that such a rule is not applicable to a suit which is sought to be brought under the workmen's compensation laws. These statutes have in all jurisdictions been held to be paternal in character and parties have not been held to the strict rules of pleading, or to the strict rules of evidence which are necessary in ordinary cases. In fact, it is provided in paragraph 4, section 18, of Act No. 85 of 1926, p. 122, that in compensation cases the strict rules of pleading shall be relaxed. We feel, however, that defendant should not be required to go to trial on the merits until plaintiffs have unequivocally stated a cause of action under the laws sought to be invoked. It may be that the allegations which are at the present time shrouded in mystery may, by amendment, be made unambiguous, and we think that, in view

of the beneficent character of the workmen's compensation laws, plaintiffs should be given an opportunity to make such amendment, if they are able to do so. We have therefore determined to remand the case to the district court for the purpose of permitting plaintiffs to amend their petition with regard to the character of work which decedent was engaged in at the time of his death, so that that court may then be able to pass upon the question presented by the exception.

Counsel for plaintiffs suggest that the exception should not be maintained because the case is not one, according to his contention, which is cognizable under the federal statute known as the Longshoremen's and Harbor Workers' Compensation Act, secs. 1, 3, 50 (33 USCA secs. 901, 950, 903). Whether or not the cause of action would be cognizable under that statute is of no importance at the present time. Defendant's contention is not that the action is cognizable under that act, but merely that it is not cognizable under the state compensation law, and, since we find that it is not cognizable under the state compensation law unless plaintiffs can amend so as to show that the nature of the work was not maritime, we find it unnecessary to further discuss the question of what causes of action are covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

For these reasons it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and the matter is now remanded to the district court to the end that plaintiffs may amend their petition, if they can or see fit, and for further proceedings in accordance with the views herein expressed.