DAWSON ET UX. v. JAHNCKE DRY DOCKS, INC.

(November 3, 1931.   Opinion and Decree.)

Milner & Porteous, P. M. Milner, of New Orleans, attorneys for plaintiffs, appellants.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This matter is again before us on appeal from a judgment maintaining an exception of no cause of action. On the first occasion we remanded the case in order to afford plaintiffs an opportunity to amend their petition because we felt that possibly allegations could be made which, by showing the character of the work which the deceased was engaged in performing at the time he met his death, might state a cause of action. See Dawson v. Jahncke Dry Docks, Inc., 18 La. App. 368, 131 So. 743.

The suit is brought under the Louisiana Workmen's Compensation Act No. 20 of 1914 (as amended), and in the original petition it was made to appear that the deceased, at the time of his death, was on a completed vessel lying in dry dock floating in navigable waters of the United States, but in that petition it was not clearly shown that the work he was engaged in performing was of a non-maritime nature. We reached the conclusion that, if the work was of a maritime nature, then, since he was performing it on a vessel lying in navigable waters, injury received and death occurring were not cognizable under the State Compensation Act. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Peters et al. v. Veasey, 251 U. S. 121, 40 S. Ct. 65, 64 L. Ed. 180; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; State of Washington v. W. C. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646.

After the amendment of the petition an exception of no cause of action was again interposed, and again a judgment was rendered maintaining that exception and dismissing the suit.

From the amended petition it appears that the vessel had been damaged by grounding; that she had been dry-docked so that inspections might be made by defendant and by others to the end that they might bid for the making of the repairs; that deceased was requested, or invited by his superior, Slade, who was making the inspection on behalf of defendant, to assist him in the work; that the accident occurred while he was so engaged.

A reading of this amended petition removes all doubt as to the nature of the work the deceased was engaged in performing at the moment of his death, and makes it certain that, since this work was maritime, no recovery can be had under the state statute.

That deceased had never before been sent by his employer to do maritime work is of no importance. See Employers' Liability Assur. Corp. v. Cook, 281 U. S. 233, 50 S. Ct. 308, 309, 74 L. Ed. 823, in which the Supreme Court said:

"Whether Cook's employment contemplated that he should work regularly in unloading vessels or only when specially directed so to do is not important. * * * Under the circumstances disclosed the state lacked power to prescribe the rights and liabilities of the parties growing out of the accident."

That at the time of the accident de-

ceased's employer had not been contracted with to make the repairs to the vessel, but had only been requested to bid thereon, does not remove from the work of making the inspection its character as a maritime occupation. As was said by our brother below in his written opinion:

"Is not the work of one who has a share in determining what repairs should be made as necessary as that of him who bolts plates to frame? They co-operate for a common purpose, and the work of each is equally maritime."

Counsel for plaintiffs requests that, if we find that no rights exist under the state statute, we base our conclusion on the alleged fact that the claim is cognizable under the federal statute known as the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (chapter 509, 44 Stat. 1424, U. S. Code, title 33, secs. 901-950 (33 USCA secs. 901-950)).

It is true that in Nogueira v. New York, N. H. & H. R. Co., 281 U. S. 128, 50 S. Ct. 303, 306, 74 L. Ed. 754, the Supreme Court of the United States, in discussing the question of when the said Longshoremen's and Harbor Workers' Compensation Act is applicable, said that when it does apply the remedy therein provided "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative * * * at law or in admiralty." Nevertheless, whether the rights of plaintiffs should be asserted under that act, or whether such recovery should be sought as is known to admiralty, is not within our prerogative to determine. We can only say that they cannot recover under the state compensation laws.

The judgment appealed from is affirmed.