## SEIFORT v. KEANSBURG STEAMBOAT CO.

District Court, S. D. New York.
April 9, 1937.

See, also, 19 F.Supp. 965.

Jacob Rassner, of New York City, for plaintiff.

Alexander, Ash & Jones, of New York City, for defendant.

COXE, District Judge.

■ This action cannot be maintained under the Jones Act (U.S.C.A. title 46, § 688). The plaintiff alleges that he was employed by the defendant as a "watchman," and injured while assisting in docking the City of Keansburg at Keansburg Beach, N. J., on September 4, 1935. In the bill of particulars, the plaintiff states that at the time of the accident he "was on the pier at Keansburg, New Jersey, near the spile to which the boat City of Keansburg was to be tied." The plaintiff was, therefore, working on land when he was injured, and the Jones Act has no application. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; Minnie v. Port Huron Terminal Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631; Jeffers v. Foundation Co. (C.C.A.) 85 F.(2d) 24; Esteves v. Lykes Bros. S. S. Co. (C.C.A.) 74 F.(2d) 364, certiorari denied 295 U.S. 751, 55 S.Ct. 830, 79 L.Ed. 1695; Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013. There is nothing in Employers' Liability Assur. Corp. v. Cook, 281 U.S. 233, 50 S.Ct. 308, 74 L.Ed. 823, and Kibadeaux v. Standard Dredging Co., (C.C.A.) 81 F.(2d) 670, holding to the contrary; they only involved injuries sustained while on board a vessel. The law of New Jersey governs, as the accident occured there; but on the present showing I am unable to determine whether the Workmen's Compensation Law of that State (Comp.St. Supps.N.J. § **236—1 et seq.) furnishes an exclusive remedy. There appears to be diverse citizenship, and it may be that the plaintiff can show some right to proceed at common law; an opportunity will, therefore, be afforded to him to amend, if he cares to do so.

The plaintiff's motion to strike out the "Third" affirmative defense in the amended answer is denied; and the defendant's

motion to dismiss the complaint granted; with permission to the plaintiff to amend within twenty days, so as to bring himself outside of the New Jersey Workmen's Compensation Law.