This is a workman's compensation suit, wherein plaintiff, Louis A. McClung, claims from his former employer, Delta Shipbuilding Company, Inc., and its alleged liability insurers, Fidelity Casualty Insurance Company of New York and American Motorists Insurance Company, compensation at the maximum rate for 400 weeks, plus $500 medical expenses.
The original petition alleges that from November 1941 to February 27, 1945, plaintiff had been in the employ of Delta Ship-building Company, Inc., as a "rigger" and in other capacities, and that his occupation was hazardous and came within the purview of the workmen's compensation statute.
It is further alleged that plaintiff was rendered totally and permanently disabled by injuries sustained in two accidents which occurred during his employment, the dates of which are September 11, 1942, and February 27, 1945. The petition alleges that Fidelity Casualty Insurance Company of New York was the workmen's compensation insurance carrier of Delta Shipbuilding Company, Inc., until some time in October 1944, and that the other insurer carried the workmen's compensation insurance after that time.
In a supplemental petition filed on May 9, 1947, plaintiff further alleged that he was also injured in an accident which occurred on May 10, 1944, at which time the Fidelity Casualty Insurance Company of New York was the insurer.
All defendants excepted to plaintiff's demands on two grounds, (1) that no cause or right of action was set forth, and (2) that the demand is prescribed, as the suit *Page 440 
was not filed until February 18, 1946, more than one year after the accidents of September 11, 1942, and May 10, 1944. The judge below referred these exceptions to the merits.
Defendants admit that plaintiff was involved in an accident on September 11, 1942, but they allege that his injuries were slight and non-disabling, and that he returned to his employment without the loss of time and pursued the duties of his occupation until February 27, 1945. They further admit the accident of May 10, 1944, but claim that plaintiff received no disabling injuries as a result. They deny that they received any notice whatever of the accident of February 27, 1945, or that they had any knowledge thereof, until the present suit was filed; they further allege that if this accident did occur, plaintiff suffered no disabling effects.
After a trial upon the merits in the court below, there was judgment in favor of plaintiff and against the defendants, Delta Shipbuilding Company, Inc., and American Motorists Insurance Company, in solido, condemning them to pay plaintiff workman's compensation at the rate of $20 per week from February 27, 1945, during his disability, not to exceed 400 weeks, plus the sum of $500 for medical expenses incurred and to be incurred. The expert fees of Dr. Edward H. Maurer and Dr. Irvin G. Cahen, who testified as witnesses for the plaintiff, were fixed at $50 each and taxed as costs against said two defendants. The judgment further maintained the plea of prescription filed by Delta Shipbuilding Company, Inc., and Fidelity Casualty Insurance Company of New York as to any claims of plaintiff arising from the accidents of September 11, 1942, and May 10, 1944.
Two appeals have been taken from the judgment. Plaintiff appealed from that part thereof which maintained the exception of prescription, and Delta Shipbuilding Company, Inc., and American Motorists Insurance Company have appealed in so far as the judgment awards compensation to plaintiff.
[1] The evidence convinces us, as it did the lower court, that until February 27, 1945, the date of the last accident; plaintiff continued to serve in his customary capacity at the Delta Shipbuilding Company, Inc., and collected the usual rate of pay. Time sheets which were offered in evidence reflect that plaintiff's only loss of time was two weeks in May 1942, one week in September 1942, and one week in December 1943, which loss was in no wise attributable to any injuries received in the first two accidents. The lower court believed that the disability resulted from injuries which plaintiff received on February 27, 1945. The present suit was filed more than one year after May 10, 1944, and there is nothing in the record indicating that plaintiff was paid compensation for the two earlier occurrences, or that the parties agreed upon such payments. There is not shown any circumstance which would interrupt or suspend the application of prescription thereto, and plaintiff's claim arising from the earlier accidents is clearly perempted. The court below was correct in maintaining the plea of prescription. Sec. 31, Act No. 20 of 1914, as amended, Act No. 29 of 1934.
When this case was called for trial before us, counsel for Delta Shipbuilding Company, Inc., and American Motorists Insurance Company, the appellants from that part of the judgment condemning them to pay plaintiff compensation, moved to remand the case to the lower. The motion reads as follows:
"On motion of Delta Shipbuilding Company Inc., and American Motorists Insurance Company, defendants and appellants herein, through H.L. Hammett their attorney, and on suggesting to the Court that this case should be remanded to the Civil District Court for the Parish of Orleans, Division 'D' for the following reasons:
"That newly discovered evidence has been found which was not available on the trial of this case which shows conclusively that plaintiff is not disabled and was not disabled at the time of the trial below.
"That the judgment below was obtained by fraud and perjury on the part of plaintiff, the appellee herein.
"That on further suggesting to the Court that the newly discovered evidence above *Page 441 
referred to and the proof of plaintiff's fraud and perjury is as follows, to-wit:
"That this case was tried in the lower Court on May 21st, and 22d 1947; that at the time of the trial plaintiff testified that he was wholly disabled by reason of back injuries; that he was obliged to wear a back support; and that 'he could hardly walk', that plaintiff appeared in Court leaning heavily upon a cane, that he testified that he was unable to perform any kind of work or to exert himself in any manner whatsoever except while sitting down and that he suffered from continual pain in his back; all as will appear from the transcript herein. That between August 12, 1947 and August 28, less than ninety days after the trial plaintiff was observed by two witnesses nowing (mowing) his lawn and scraping and painting his house which work covered not only hours but days and required great physical exertion as well as perfect and complete physical well being inasmuch as most of the work was performed on top of a ladder; that the performance of said work was entirely inconsistent with plaintiff's alleged disability and proved conclusively that plaintiff's claims of disability at the time of the trial were false, fraudulent and perjured; that fourteen rolls of moving pictures were made of plaintiff's activities on these occasions; that still photographs were made from the moving picture films which stills are attached to this motion; that the moving picture films are available and should be viewed in whole or in part by this Court so that the character of the evidence and its conclusiveness as to plaintiff's disability at the time of the trial may be demonstrated.
"And on further suggesting to the Court that this Court has the power to remand this case for the reception of newly discovered evidence or in case of fraud or perjury or in any case where the interests of justice may require (See Code of Practice, art. 906; Morales v. Burns, La. App., 21 So.2d 893; Orleans, Vilce v. Travelers Ins. Co., La. App., 18 So.2d 243, First Circuit, a compensation case and 19 Tulane Law Review Page 305), it is ordered by the Court that this case be reversed and remanded to the Civil District Court for the Parish of Orleans, Division 'D' so that the newly discovered evidence above referred to may be admitted in evidence and for further proceedings had in accordance with law."
[2] Four medical experts appeared as witnesses. Two of them appeared in plaintiff's behalf, and the other two, one of whom was Dr. J.T. O'Ferrall, plaintiff's private physician and a friend of plaintiff and his family, testified as witnesses for the defense. In addition to the medical testimony, there was offered in evidence by agreement of counsel a copy of a written statement submitted by Dr. George C. Battalora, who had made an examination of plaintiff at the request of the defendant Fidelity Casualty Insurance Company of New York, which statement is dated during September 1945. A reading of the testimony of the physicians, and of Dr. Battalora's statement, discloses a sharp conflict as to whether plaintiff has a ruptured intervertebral disc, and as to his exact condition. There was a sharp disagreement amongst the physicians as to whether plaintiff was totally and permanently disabled. We are unable to estimate the weight and veracity which should attach to the medical testimony, and ordinarily in a case of this sort would be inclined to approve the factual findings of the trial court, under the well-known rule that such findings will not be disturbed unless there appears manifest error. But there seem to be unusual circumstances in this particular case.
Attached to the motion to remand are sixteen still photographs, of a size of approximately eight inches by ten inches, which are enlargements made from segments of the moving picture films mentioned in the motion. They show plaintiff performing certain tasks at his home. Fourteen of the pictures show McClung painting his house while standing upon a stepladder, and several depict him standing upon the platform on the topmost part of the ladder, in various postures which are incompatible with the theory that he is totally and permanently disabled. It appears from the pictures that plaintiff, at the time they were made, was well able to reach, stretch, climb and do delicate and dexterous feats of balancing, and a view of the pictures instantly forms *Page 442 
the impression in our minds that, at that time, plaintiff could be considered nothing but a robust man possessing absolutely no indication of total and permanent disability.
The trial below was held on May 21 and 22, 1947 (about two and one-half months before the date on which the pictures were allegedly made), and the reading of McClung's testimony shows that he claimed himself to be capable only of performing a woman's work, such as washing dishes, etc., and mending pots and knitting nets while sitting down. He claimed that his disability was such that if it became necessary to stoop over he found himself in a forty-five degree position from which he could emerge only with the greatest pain. This testimony is not at all consonant with the image of him as reflected by the photographs, and it is difficult to believe that plaintiff, after recovering the judgment in the lower court, could physically mend so rapidly as to permit the activities shown in the pictures, or to contort his body into the positions shown therein.
Plaintiff's counsel object strenuously to a remand of this case, and contend that the defendants' remedy, if plaintiff has recovered from his disability, is to seek a modification of the compensation judgment after six months, counting from the date of its rendition. In support of that contention, our attention is directed to Sec. 20 of Act No. 20 of 1914, as amended by Sec. 1 of Act No. 85 of 1926, which reads in part: "A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. * * *"
[3,4] We find ourselves unable to agree with counsel's contention. The prescribed procedure for the modification of a compensation judgment was clearly not intended to have any applicability in a matter where the judgment is the subject of a pending suspensive appeal. A party is relegated to such procedure only in those instances where the judgment of compensation is effective and executory. If this were not so, a debtor in a compensation judgment would be in a very unfortunate position — his hands would be tied, and he could do nothing but allow the judgment to become executory, then await the passage of the six months' period, meanwhile paying the workman compensation, even though the lower court might have erroneously refused to receive competent evidence, etc., or the judgment might have been obtained through perjured testimony or other ill practices. The prescribed method for obtaining the modification of a compensation judgment does not in any way diminish the power of a court to remand in a proper case. This power to remand rests within the discretion of the appellate court, and it should be exercised whenever the ends of justice require such action.
Plaintiff's counsel further contend that appellate courts have in the past remanded cases for the reception of new evidence only in those instances where it appeared that the party desiring the introduction of the new evidence could not, with due diligence, have procured or tendered the evidence before.
Article 906, C. P., reads as follows: "But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law." (Italics ours.)
[5] While it is quite true that the Code of Practice contains no article which specifically endows an appellate court with authority to remand a case for the reception of new evidence, courts have continuously exercised such power when a litigant has *Page 443 
procured evidence which is material to his interest, and which he could not, with due diligence, have obtained before. Robison v. Howell, 22 La. Ann. 524; Union National Bank v. Evans, 43 La. Ann. 372, 9 So. 44; Succession of Oliver, 1 La. App. 526. Moreover, an appellate court should remand a cause whenever the nature and extent of the proceedings require it, and such action is largely within the court's discretion, and should be exercised according to the peculiar exigencies of the particular case. This is especially true when such action is consonant with the ends of justice. Buffalo Specialty Co. v. G. Pitard's Sons, 14 Or. App. 395; Brasher v. Grant, 1 La. App. 457; Schneider v. Etna Life Insurance Co., 30 La. Ann. 1198; Keller v. Keller, 4 Or. App. 309; Mayer v. Barrow, 182 La. 983,162 So. 748.
In Vilce v. Travelers Insurance Co., La. App., 18 So.2d 243, 244, decided by our brothers of the First Circuit, an injured workman in an action for compensation applied for a rehearing from an adverse decree, and attached to his application a subsequently obtained certificate of discharge from the Army, which it was alleged was material proof necessary in determining the true extent of his disability. The court remanded the case, on rehearing, for the introduction of this material new evidence, and said: "It cannot be questioned that as an appellate court, we have the right to remand the case for any purpose we should see fit if it has been submitted to us on the merits. Article 906 of the Code of Practice gives us that right. It is therein provided that if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is, 'either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the case to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law.' (Italics ours.) It has frequently been held that this article leaves the matter largely within the discretion of the appellate court." (See also cases cited.)
Furthermore, Sec. 18, par. 4 of the Workmen's Compensation Act, as amended, Act No. 85 of 1926, § 1, provides in part: "The Judge shall not be bound by technical rules of evidence or by technical rules or (of) procedure other than as herein provided. * * *"
[6] It was the intention of the law-makers to relax the strict rules of pleading and procedure in compensation cases, and such statutes have in many jurisdictions been held to be paternal in character, and parties have not been required to conform to the strict rules of pleading, evidence or procedure, which are necessary in the ordinary type of case. See Dawson et ux. v. Jahncke Dry Docks, Inc., 18 La. App. 368, 131 So. 743, and Daigle v. Higgins Industries, Inc., La. App., 29 So.2d 374.
[7, 8] We know of no reason why the above rule should not be just as effective in an appellate court as it is in courts of original jurisdiction. We believe that the redactors of the workmen's compensation statute fully intended to eliminate technicalities so far as possible in actions involving claims by injured employees for compensation, both in the trial courts and upon appeal. The photographs attached to the motion to remand indicate that this cause is a proper one for remanding, in order that further evidence might be adduced respecting the nature, extent and duration of plaintiff's disability sustained in the accident of February 27, 1945, to afford a proper basis for an adjudication of the matter.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from, in so far as it maintains the plea of prescription filed by Delta Ship-building Company, Inc., and Fidelity Casualty Insurance Company of New York, be and the same is hereby affirmed, at plaintiff's cost.
It is further ordered, adjudged and decreed that that part of the judgment appealed from which awards plaintiff compensation be reversed, and it is now ordered that this cause be remanded to the lower court for the reception of additional evidence respecting plaintiff's disability, in order that the trial court might adjudicate the matter on the basis of the evidence heretofore taken and also upon whatever new evidence might be introduced. Costs *Page 444 
of the lower court, as well as costs of the appeal taken by Delta Shipbuilding Company, Inc., and American Motorists Insurance Company, are to await the final determination of the matter.
Affirmed in part; reversed and remanded in part.