McBride, judge.
By this suit. Easton Soudelier claims from his former employer and its insurer workmen’s compensation at the rate of $30 per week for 400 weeks for total permanent disability, or, in the .alternative, if it be developed that plaintiff is partially disabled, that he have a judgment for compensation at the rate of $30 per week for 300 weeks. The petition alleges that during the course and within the scope of his employment as a “roughneck,” on March 26, 1951, plaintiff, while working on the derrick floor of an oil rig, was struck by a heavy piece of equipment, which resulted in severe injuries to his right leg, which rendered him totally and permanently disabled from performing work of any reasonable character. In addition to compensation, plaintiff prays for reimbursement of his medical expenses, for twelve per cent damages on all amounts recovered, and for a reasonable attorney’s feé in accordance with LSA-R.S. 22:658.
The defendants admit the aocid,ent and that plaintiff was injured on the date alleged; they aver that he has been paid compensation aggregating $716.32, and that his medical expenses, which amounted to $582.04, have also been paid. The answer specifically alleges that since’ October -28, 1951,. Soudelier has labored under no disability and-he is physically.capable of doing the same work in which he was engaged at the time of the accident, and therefore there is no further, compensation due him.
*772 Plaintiff recovered a judgment below against both defendants in solido for compensation at the rate of $30 per week “not to exceed 400 weeks,” subject to an offset of compensation already paid. Defendants have appealed.
Defendants now move to remand the case to the lower court, the motion reading:
“On Motion of The Travelers Insurance Company and The Texas Company, Defendants-Appellants, through May & Carrere, their attorneys, and, on suggesting to the Court that this case should be remanded to the Civil District Court for the Parish of Orleans, Division ‘F’, for the following reasons:
“That newly discovered evidence has been found, which was not available on the trial of this case, which shows conclusively that plaintiff is not disabled and was not disabled at the time of the trial below.
“That the judgment below was obtained by misrepresentation on the part of plaintiff, the Appellee, herein.
"That, on further suggesting to the Court that the newly discovered evidence, above referred to is as follows:
“That this case was tried in the Lower Court on Wednesday, April 22, 19S3; that, at the time of the trial, plaintiff testified that he was unable to do the type of work he was doing at the time of the accident, as the result of a broken leg, which testimony on his part indicated that he had lost strength in his leg, ability to get around and agility; that plaintiff has been observed by investigators at his employment by Lane Well Service, and that motion pictures were taken of the plaintiff on August 9 and November 18, 1953, which pictures definitely show that plaintiff is in no way disabled and that his ability to move around on his injured leg is excellent and he is in no way handicapped with reference to the injured leg; that six rolls of motion pictures were made of plaintiff’s activities and 5 still photographs have been made from the motion pictures and are attached to this Motion; that the motion picture film are available and should be reviewed in whole or in part by this Court, so that the character of the evidence and its conclusiveness as to plaintiff’s lack of disability may be demonstrated.
“On further suggesting to the Court that this Court has the power to remand this case, for the reception of newly discovered evidence, or in the case of misrepresentation, or in any case where the interests of justice may require, (see McClung v. Delta Shipping Co., La.App., 33 So.2d 438; Morales v. Burns, La.App., 21 So.2d 893; Vilce v. Travelers Insurance Company, La.App., 18 So.2d 243; 19 Tulane Law Review, page 305 and Code of Practice, Article 906).”
The only medical expert who appeared as a witness at the trial was Dr. E. H. Maurer, an orthopedic surgeon, who on two occasions examined plaintiff, first on September 29, 1952, and again on February 24, 1953. The gist of the doctor’s testimony is that from the history given by Soude-lier, he sustained injuries to the right leg consisting of comminuted fractures of the tibia at the junction of the middle and lower thirds and of the fibula at the proximal and middle thirds. Dr. Maurer stated that while the fractures had healed in good position, plaintiff’s complaint was an ankle “disfunction”; that on the posterior aspect of the right leg, upper third, there is a V-type scar two inches in length in one limbus and two and one-half inches in the outer limbus. This scar is slightly adherent to underlying structures, and in the outer part of the skin area distal to the scar there exists a lack of sensibility to pinprick. After the first examination, Dr. Maurer advised Soudelier to pursue light work and to appear for re-examination at a later date. Upon the second examination, Dr. Maurer concluded that scar tissue interfered with the leg muscles, which resulted in a. pulling sensation which caused *773 Soudelier to experience pain, and that Sou-delier has a fifteen per cent disability in the right leg. Soudelier was advised to continue light work only, as it was the doctor’s conclusion that if he worked a “certain length” of time in sustained effort, he would experience cramps in the muscles.
On October 28, 1951, Soudelier, upon reporting back to The Texas Company, was assigned to a “roustabout crew” and continued on in this type of work until February 1952 when he quit the job. He claims he received from The Texas Company an “ultimatum” to continue roughnecking “or else”; that he could not roughneck because his leg “was hurting * * * from fatigue.”
Some time later Soudelier secured employment with Lane Wells Company, which is in the business of servicing oil wells after the wells are drilled, such as perforating, logging, and wire lining. Soudelier insists that his occupation with this employer entails work of a lighter character than he had formerly performed for The Texas Company, and that he works a shorter period of time. Much of his time, according to Soudelier, is spent riding in a truck. He points up the fact that the present employment does not call for climbing oil well derricks which are sometimes as high as 136 feet; that climbing the derricks is a material part of the work which a roughneck is required to do, and that he is inhibited from carrying on this particular duty because of fatigue resulting from the condition of his right leg.
The superintendent of Lane Wells Company, who was called and testified as a defense witness, stated that Soudelier has been a perforating operator for that company for about a year. The witness outlined the duties performed by Soudelier; that he has observed Soudelier at work and there is no indication that Soudelier is disabled in any way; that Soudelier’s work has been entirely satisfactory. The testimony of the superintendent leaves no doubt that in his present job Soudelier is called upon to perform many strenuous tasks, such as handling, with the aid of a helper, perforating guns approximately 9 feet long and weighing anywhere from 200 to 350 pounds each. Soudelier is also called upon to climb ladders as high as 20 feet to get from one level to another.
Appended to the motion to remand are five enlarged photographs taken from the moving picture films referred to in the motion. These show Soudelier climbing ladders and bending over to lift what appear to be heavy objects. The trial below was had on April 22, 1953, and the six rolls of film reflecting Soudelier’s activities with Lane Wells Company were made on August 9 and November 18, 1953. The films, viewed by us when projected on a screen, clearly depict Soudelier going about the performance of heavy and strenuous duties, and show that he, with his present employer, has the ability to' climb ladders, bend, squat, stoop, and raise, carry and efficiently handle various types of what seem to be heavy tools and equipment. Soudelier’s complaint at the trial seems to have been that he could not without discomfort climb oil well derricks, yet the pictures show him ascending and descending ladders in a seemingly nimble fashion.
Under the well-settled jurisprudence of this State, an injured workman is to be held disabled from doing “work of any reasonable character” as provided in LSA-R.S. 23:1221(1), (2), (3), whenever he is disabled from doing work of a reasonably similar character to that which he was doing at the time of his injury. McKenzie v. Standard Motor Car Co., La.App., 15 So.2d 115, and cases there cited. After seeing the image oí Soudelier engaged in the work of his present employer, as depicted by the new evidence, we cannot be certain that he is totally or partially disabled from performing the duties of a roughneck, or any duties of a similar character. We believe the new evidence produced by defendants should be taken into consideration in adjudicating the case.
There is no question as to our authority to remand the matter for the reception of the new evidence exhibited to us by defendants when urging their motion *774 to remand. In McClung v. Delta Shipbuilding Co., La.App., 33 So.2d 438, 442, (writs refused)', a similar motion to remand was made, and in connection with the motion, defendants produced evidence of the same type as is now before us. In ordering a remand of the case we said:
“While it is quite true that the Code of Practice contains no article which specifically endows an appellate court with authority to remand a case for the reception of new evidence, courts have continuously exercised such power when a litigant has procured evidence which is material to his interest, and which he could not, with due diligence, have obtained before. Robison v. Howell, 22 La.Ann. 524; Union Nat. Bank. v. Evans, 43 La.Ann. 372, 9 So. 44; Succession of Oliver, La.App. 526. Moreover, an appellate court, should remand a cause whenever the nature and extent of the proceedings require it, and such action is largely within the court’s discretion, and should be exercised according to the peculiar exigencies of the particular case. This is especially true when such action is consonant with the ends of justice. Buffalo Specialty Co. v. G. Pitard’s Sons, 14 Orleans App. 395; Brasher v. Grant, 1 La.App. 457; Schneider v. Etna Life Insurance Co., 30 La.Ann. 1198; Keller v. Keller, 4 Orleans App. 309; Mayer v. Barrow, 182 La. 983, 162 So. 748.
* * # * -⅜ *
“Furthermore, Sec. 18, par. 4 of the Workmen’s Compensation . Act. as amended, Act No. 85 of 1926, § 1, provides in part: ‘The Judge shall not be bound by technical rules of evidence or by technical rules or (of) procedure other than as herein provided. * * ’
“It was the intention.of the lawmakers to relax the strict' rules of pleading and procedure in compensation cases, and such statutes have in many jurisdictions been held to be paternal in character, and parties have not been required to conform to the strict rules of pleading, evidence or procedure, which are necessary in the ordinary type of case. See Dawson et ux. v. Jahncke Dry Docks, Inc., 18 La.App. 368, 131 So. 743, and Daigle v. Higgins Industries, Inc., La.App., 29 So.2d 374.
“We know of no reason why the above rule should not be just as effective in an appellate court as it is in courts of original jurisdiction. We believe that the redactors of the workmen’s compensation statute fully intended to eliminate technicalities so far as possible in actions' involving claims by injured employees for compensation, both in the trial courts and upon appeal. The photographs attached to the motion to remand indicate that this cause is a proper one for remanding, in order that further evidence might be adduced respecting the nature, extent and duration of plaintiff’s disability sustained in the accident of February 27, 1945, to afford a proper basis for an adjudication of the matter.”
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the lower court for the reception of additional evidence respecting the extent and duration of plaintiff’s disability, in order that the trial judge might adjudicate the matter on the basis of the evidence heretofore taken and also upon whatever new evidence the parties may see fit to introduce, The assessment of all costs is to await the final determination of the matter.
Motion sustained, cause remanded.