YARRUT, Judge.
This is an appeal from a judgment decreeing Plaintiff to be totally and permanently disabled and awarding him workmen’s compensation at $35 per week for 400 weeks. Defendants are Plaintiff’s former employer, Barge Thompson Corporation, and its compensation insurer from whom Plaintiff has already received $1,120.00 compensation and $1,113.00 medical expenses.
Defendants admit Plaintiff, a carpenter and welder, fell from a 13-foot scaffolding on November 20, 1962, injuring his back, head and neck; that this accident occurred within the course and scope of his emplo}>-ment; but contend that he has fully recovered from those injuries.
Although he has worked as a carpenter and welder since the accident, Plaintiff claims that, while doing so, he suffered frequently from a pain in his lower back which radiated into his legs.
The medical evidence is conflicting. Dr. Samuel O. Massey, a general practitioner, who treated Plaintiff for two years after the accident, testified Plaintiff still suffers from a lumbosacral strain in the lower *99 back; has a possible ruptured disc; that performing carpentry work would be painful for him and would aggravate his condition. However, he conceded that he could not make a diagnosis of a ruptured disc without having Plaintiff undergo a myelo-gram, a procedure for diagnosing disc protrusion, which Plaintiff refused to do.
On the other hand, Dr. Hyman Soboloff and Dr. Irvin Redler, both orthopedic surgeons, and Dr. Richard Levy, a neurosurgeon, did not find any objective evidence of disability. Dr. Soboloff testified that the first three times he examined Plaintiff he found him to be suffering from muscular tightness and poor muscle tone; but the last time he saw him he had no such symptoms and, from an orthopedic standpoint, could return to work. Dr. Redler examined Plaintiff on the two days immediately following the accident and found him greatly improved the second day, and concluded he should recover rapidly from the effects of the injury. Dr. Levy could find no neurological abnormalities.
In addition to the doctors who testified at the trial, Plaintiff was examined by two other neurosurgeons, Drs. John A. Colclough and Jose Garcia Oiler, to whom he was sent by his attorney. Plaintiff offered Dr. Colclough’s report in evidence. His diagnosis: “Low back disorder with very little objective evidence of same, of orthopedic rather than neurosurgery nature.” Since Dr. Garcia Oiler was not called by Plaintiff, nor was his report offered in evidence, the presumption arises that his testimony would not have been favorable to Plaintiff. Cloud v. National Surety Corp., La.App., 166 So.2d 31; Thomas v. Fidelity & Casualty Co. of New York, La.App., 136 So.2d 824.
Defendants seek a reversal of the judgment or a remand of the case for a new trial based on newly discovered evidence, i. e., a transcript of a hearing before the Mississippi Workmen’s Compensation Commission on August 4, 1965, in which Plaintiff testified concerning a shoulder injury he suffered oh November 4, 1964, which -rendered him totally and permanently unable to do carpentry or welding. A copy of the Mississippi transcript is attached to the motion to remand.
According to an affidavit filed in the record by Defendants’ attorney the testimony of this (Mississippi) hearing was made available to him only on September 3, 1965, after this appeal had been lodged. Defendants claim that a comparison of the testimony of Plaintiff at the trial of the instant case on January 25-27, 1965, with that given six months later at the Mississippi hearing discloses glaring discrepancies.
A comparison of the Mississippi record with the transcript from the Court below shows what appear, upon our perusal of both, to be a conflict in the testimony of the Plaintiff which is not easily resolved and which might have a bearing on the question whether the Plaintiff is really entitled to a recovery. We are not authorized to consider the record in the Mississippi case except in connection with the motion to remand; therefore, we think justice would be served by having the Mississippi transcript regularly placed into evidence so that it can be considered on the merits along with the testimony Plaintiff gave in the hearing in the Court below.
The Court of Appeal has authority to remand a workmen’s compensation claim for the reception of new evidence submitted on appeal in support of a motion to remand. Soudelier v. Travelers Insurance Co., La.App., 72 So.2d 771; McClung v. Delta Shipbuilding Co., La. App., 33 So.2d 438.
For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered that the cause be remanded to the lower court for the admission of the Mississippi Workmen’s Compensation Hearing transcript and whatever other new evidence the parties may see fit to introduce, and the trial judge is *100 directed to render such judgment as may be warranted by the law and all of the evidence; all costs of the lower court to await the final determination of this case; costs of this appeal to be paid by Plaintiff-Appellee.
Judgment annulled and case remanded with instructions.