MILLER, Judge.
Plaintiff Paul N. Mitchell appeals the judgment denying his claim for workmen’s compensation benefits. We affirm.
This 23 year old claimant had worked for defendant Keyes Fibre Company approximately one month when he aggravated his pre-existing scoliosis by lifting and loading a 75 pound bale of peat moss. Mitchell continued working the remainder of the day and on the second or third day after this unwitnessed accident, complained about pain in his back to his employer. His employer suggested that he see his own physician.
Mitchell’s family physician filed an accident report and referred Mitchell to an orthopedic surgeon for treatment. Defendant Keyes Fibre admitted the accident and paid compensation and medical expenses from the March 12, 1971 date of accident through October 1971, when it received the orthopedic surgeon’s report that Mitchell was able to resume his prior employment.
On November 24, 1971 Mitchell was on his way to be examined by a physician (of his counsel’s choosing) for symptoms allegedly related to his March 1971 injury. His stopped automobile was struck from the rear by a Mack truck and knocked into a vehicle which had stopped some four feet ahead of Mitchell’s vehicle to wait for a traffic signal. This claim was settled and Mitchell contends that the injuries resulting from the November accident were negligible and that all his difficulty relates to the March 1971 job related accident.
Testimony by physicians who examined Mitchell prior to the November automobile accident uniformly supports the trial court’s finding that as of October 1971, Mitchell had no objective symptoms of disability related to the March 1971 accident. The first physicians to examine Mitchell were selected by him. Both agreed that the orthopedic surgeon’s opinion governed and that opinion was that Mitchell could return to work in October 1971.
Mitchell’s favorable medical testimony was given by physicians who examined him about one year after the November 1971 automobile accident. Other medical testimony favorable to Mitchell was given by the physician who examined him a day or two after the November 1971 accident. This physician testified five times in his pre-trial deposition that he would like to examine Mitchell again, but Mitchell never returned for a follow-up examination.
Mitchell did not take testimony or file the report of one orthopedic surgeon who examined him at his counsel’s request. It is presumed that this testimony would not favor claimant. Stockstill v. Barge Thompson Corporation, 184 So.2d 98 (La.App. 4 Cir. 1966).
The trial court assigned detailed written' reasons carefully and thoroughly reviewing the seven medical depositions to *817 gether with the trial testimony. There is no manifest error in the finding that Mitchell’s disability (if any) was not related to the March 1971 job related accident.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.